**FILED**

FEB 1 4 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

U.S. DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Pro-Sa

**ROBERT E. GILLIS**

VS

2 03 0499 18 BG

**COLLEGE OF CHARLESTON
BOARD OF TRUSTEES
ALEX M. SANDERS, JR.
ANDREW L. ABRAMS**

## COMPLAINT

I.  <u>Jurisdiction</u>

1. This action is brought to remedy discrimination on the basis of pay in the terms, conditions and privileges of employment and to remedy retaliation against Plaintiff Robert E. Gillis for activity protected under Title VII all in violation of the Civil Rights Act of 1964, as amended for injuries suffered as a result of acts and/or omissions committed by the Defendants in violation of the 14th amendment to the United States Constitution, for monetary and injunctive relief for violations of the prohibition of discrimination in compensation, for intentional infliction of emotional distress, and for violations of Title VII.

II.  <u>Exhaustion of Administrative Remedies</u>

2. Plaintiff, Robert E. Gillis, an African-American male and a resident of the State of Rhode Island filed a charge of discrimination with the Equal Employment Opportunity Commission on or about August 8, 2000 complaining of acts of discrimination alleged herein.

3. On or about February 26, 2001, more than 180 days having elapsed since the filing of the charge, the Equal Employment Opportunity Commission issued Plaintiff a notice informing Plaintiff of his right to sue in Federal Court.

4. Plaintiff has fully complied with all prerequisites to jurisdiction in this honorable court under Title VII and the Equal Pay Act, and intentional infliction of emotional distress is invoked pursuant to jurisdiction of the court. The amount in controversy exceeds seventy-five thousand ($75,000) dollars.

III. <u>Venue</u>

5. As the unlawful employment practices complained of herein occurred within the District of South Carolina, venue is proper in the District pursuant to 706 (F) (3) of Title VII 42 U.S.C. §200C-5 (f) (3). Venue is also proper on the basis that the individual Defendants may be found in the State of South Carolina.

IV. <u>Parties</u>

6. Plaintiff, Robert E. Gillis, is a resident of Rhode Island and from July 1986- November 2000 was an employee at the College of Charleston at all time hereto, Plaintiff was employed as Vice-President for Human Relations and Minority Affairs in the last nine (9) years of employment by the College of Charleston.

7. Defendant, College of Charleston (herein after "C of C") is a public institution of higher education that maintains its principal place of business in Charleston, South Carolina.

8. The Board of Trustees is a public corporation established and empowered to sue and be sued in its own name and which is charged with the duty to enforce the provisions of all laws relating to higher education.

9. Defendant, Alex M. Sanders, Jr. at all times material hereto was employed by "C of C" and was the College President.

10. Defendant, Andrew L. Abrams, at all times was an employee of "C of C" serving in the position of Vice President for Legal Affairs.

V.  Material Allegations

    11. Plaintiff was paid substantially less than the six other Vice-presidents, who all happen to be white. Plaintiff served as Vice-president for Human Relations and Minority Affairs.

    12. Plaintiff pay raises over the years were substantially less than others in the same job category (Executive Non-academic).

    13. Plaintiff was evaluated by an individual that had little to no contact with Plaintiff concerning his position or job performance.

    14. Individuals who held lesser positions with substantially less education and experience that held high school diplomas were paid substantially more than Plaintiff as a Vice-president. Plaintiff at that time had twenty years experience, a Masters Degree, and other job related education.

    15. Plaintiff talked to Defendant requesting an equity adjustment in salary. Defendant agreed.

    16. Defendant led Plaintiff to believe for more than two (2) years that an equity adjustment was forthcoming.

    17. Plaintiff wrote a final letter to Defendant requesting an effective date that an equity adjustment would occur.

    18. Defendant sent Plaintiff's letter to Chairman of the Board of Trustees as a complaint without the Plaintiff's approval or knowledge.

    19. Defendant held a hearing on the equity adjustment issue and gave no real consideration to Plaintiff.

20. Defendant begin to retaliate against Plaintiff by stripping job duties away and assigning Plaintiff duties to at least five (5) different individuals and assigned Plaintiff to another Vice-president for supervision.

21. Defendant removed funding for the Administrative Specialist position, which had been vacated. This action occurred so Plaintiff would be unable to fill the vacant position.

22. Defendant willfully kept Plaintiff out of the Executive Pay Plan, which Plaintiff was entitled to as part of Plaintiff benefit package.

23. Defendant ignored Plaintiff budget proposal request during budget preparation time.

24. Defendant conducted so-called salary surveys concerning Plaintiff position and willfully used inappropriate data for comparison.

25. Defendant retaliated against Plaintiff because of Plaintiff's refusal to participate in illegal activities which violated equal opportunity laws, Title VII and Title IX.

26. Defendant caused a prospective employer to withdraw job offer for better employment for Plaintiff.

27. Defendant created an intimidating and hostile work environment for Plaintiff.

28. Defendant "derailed" Plaintiff's professional career and retaliated against Plaintiff for filing a complaint with the Equal Employment Opportunity Commission.

29. Defendant refused to participate in constructive dialogue to resolve pay equity issues.

30. Due to ongoing harassment, discriminatory treatment, and a hostile work environment, Plaintiff experienced severe physical problems that required medical treatment and medications.

31. Plaintiff also experienced severe emotional distress caused by the Defendant.

32. Defendant retaliated by interfering with Plaintiff's employment opportunity with the University of South Florida.

33. Plaintiff was forced to leave "C of C" because of physical and emotional distress from Defendant's harassment, intimidation and hostile work environment.

34. Plaintiff's professional career has suffered unnecessarily due to acts of the Defendant.

VI. Causes of Action
First Cause of Action – Title VII

Plaintiff repeats and re-alleges each and every allegation contained in paragraph 5 to 34 of this complaint with the same force effect as if set forth above.

Defendants have discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on the basis of pay in violation of Title VII.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damage as a result of Defendant's practices and until this court grants relief.

Second Cause of Action
Title VII – Retaliation

Plaintiff repeats and re-alleges each and every allegation contained in paragraph 18 to 34 of the complaint with the same force and effect as if set forth above.

Defendants have retaliated against Plaintiff and have denied Plaintiff an opportunity for more meaningful employment on the basis of Plaintiff having complained of discrimination in violation of Title VII.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damage as a result of Defendant's practices unless and until this court grants relief.

VII. <u>Prayers for Relief</u>

Wherefore, Plaintiff respectfully prays that this court grant the following relief:

1. A declaratory judgment that Defendants in the manner described herein unlawfully discriminated against Plaintiff, Robert E. Gillis, on the basis of pay in violation of Title VII.

2. Awarding Plaintiff, Robert E. Gillis, compensatory damage for pecuniary losses, emotional pain, mental anguish and physiological injuries, loss of enjoyment of life and other non-pecuniary losses.

3. Award Plaintiff exemplary damages for Defendant's intentional, malicious reckless and/or willful violation of Title VII.

4. Award Plaintiff reasonable fees and cost of litigation, such other and further relief as the court deems just and proper.

VIII. <u>Demand for Jury Trial</u>

Plaintiff here by demands a trial by jury on all counts so triable.

IX. <u>Designation of Trial Counsel</u>

Pro-Sa

*/s/ Robert E. Gillis*

Robert E. Gillis
36 Stony Lane
North Kingstown, RI   02852
(H) (401) 294-7919
(W) (401) 874-2442
       (401) 874-2995 (facsimile)

Dated:   February 10, 2003

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

**To:** Robert Gillis
830 MELROSE DRIVE
CHARLESTON, SC 29414

**From:** E.E.O.C
Equal Employment Opportunity Comm.
301 N. 15 South Main Street Suite 530
Main Greenville, SC 29601

☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 146A00789 | Mark Delledonne | (864) 241-4400 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_Patricia B. Fuller_ (signature)          FEB 26 2001
Patricia B. Fuller, Director              *(Date)*

**Enclosure(s)**

cc: COLLEGE OF CHARLESTON
66 GEORGE ST
CHARLESTON, SC 29424

EEOC FORM 161 (Rev 09/97)                    **CHARGING PARTY COPY**